```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**JORGE ALDAPE**                                              **PLAINTIFF**

**v.**                   Civil No.  5:10-cv-5247

**SHERIFF FERGUSON**,
**Benton County, Arkansas; and**
**ROBERT HOLLY, Administrator,**
**Benton County Detention Center**                            **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, formerly an inmate at the Boone County Jail in Harrison, Arkansas, has filed a pleading by using a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Doc. 1). Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP"). (Doc. 2). Plaintiff's Motion to Proceed IFP was granted on December 16, 2010. (Doc. 3).

The matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, this Court recommends that this action be summarily dismissed pursuant to Section 1915A.

**I.    BACKGROUND**

The following facts were presented to the Court in Plaintiff's Complaint. (Doc. 1). Plaintiff alleges he is originally from Benton County, Arkansans and all of his pending charges are from Benton County. (Id. at ¶ VII.) However, he is being held at the

Boone County Jail and claims this transfer was in violation of his civil rights.  (Id.)  Plaintiff further alleges that in Boone County he has no access to law books and that being in Boone County keeps his family and attorney from visiting him.  (Id.)

Plaintiff asks to be transferred back to Benton County so he can have access to the law library, his attorney and his family. (Id. at ¶ VIII.)

On January 6, 2011, a change of address was entered by the district court clerk, upon notification from Plaintiff that he had been returned to the Benton County Detention Center, although he did not know if he would again be transported to Boone County. (Doc. 8).

## II.  APPLICABLE LAW

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a).  That statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If the pleading is "frivolous" or fails to state a legally cognizable claim, the

action must be dismissed.  28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law."  <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); <u>see also</u>, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution.  <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>Speed v. Ramsey County</u>, 954 F. Supp. 1392, 1397 (D. Minn. 1997).  Thus, in order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

### III. DISCUSSION

In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States. See 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff makes two possible constitutional claims. One, that he was denied access to the courts. Two, that his civil rights were violated when he was transferred out of the Benton County Detention Center and placed in the Boone County Detention Center.

#### A. Denial of Access to the Courts

Plaintiff has failed to state a claim he was denied access to the Court because he merely alleges he was denied access to the law library, although he states he did have an attorney representing him at the time. The Court propounded to Plaintiff an Addendum. (Doc. 5). In the addendum, Plaintiff states he was seeking to utilize the law library to research his state criminal case and was harmed by not being able to research his criminal case regarding a possible lower charge. (Doc. 7 at ¶ 3(d)).

The availability of law library usage is only one of many constitutionally-acceptable methods of assuring meaningful access to the courts, and pretrial detainees are not entitled to law library usage if other means of access to the court exist. It is well-established that provision of legal counsel is a constitutionally-acceptable alternative to a prisoner's demand to access to a law library. Lewis v. Casey, 518 U.S. 343, 350-51 (1996). Therefore, because Plaintiff is represented by an attorney, he has failed to state a claim for denial of access to the courts

simply because he was not permitted the legal research that he sought and this Court recommends that this claim be dismissed.

Plaintiff also indicates in his original Complaint that the move to Boone County kept his attorney from being able to visit him. (Doc. 1). This is also a possible denial of access to the Court claim, if Plaintiff was not allowed contact with his attorney. However, in the addendum, Plaintiff stated he did have access to his attorney and was able to maintain contact with his attorney through the mail. (Doc. 7 at 3(c)). As such, Plaintiff has failed to state a claim of constitutional magnitude.[1]

### B.  Transport to Boone County

Plaintiff has also not presented facts giving rise to a constitutional violation regarding in what county facility he was housed. Plaintiff has no constitutional right to be housed at a particular facility. Eline v. Brill, 16 Fed. Appx. 541, 542, 2001 WL 839005, 1 (8th Cir.2001) (citing Olim v. Wakinekona, 461 U.S. 238, 245 (1983). "Just as an inmate has no justifiable expectation

---

[1] In the Addendum, Plaintiff also appears to indicate he was attempting to research the case at bar, a case for which he did not have counsel. (See Doc. 7 at ¶¶3, 3(a)). However, Plaintiff also stated the only harm he suffered was that of being unable to research his state criminal case.(Id. at ¶ (d)).

In order to state a claim for a violation of the right of meaningful access to the courts, a prisoner must establish that, as a result of denial of access to legal materials, counsel, or the courts, he or she suffered an actual injury or prejudice. Lewis v. Casey, 518 U.S. 343, at 349 (1996); White v. Kautzky, 494 F.3d 677 (8th Cir. 2007). The injury requirement "is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. The claim must involve an attempt by the inmate to pursue direct appeal from a conviction for which he or she is incarcerated, a habeas petition, or an action under 42 U.S.C. § 1983 claiming a violation of a basic constitutional right. Id. Thus, to the extent Plaintiff's denial of access to the court claim includes a claim he was denied access to the law library for his pro se matters, he has not alleged any injury or prejudice from any such denial and any such claim fails to state a claim upon which relief can be granted.

-5-

that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." Olim, 461 U.S. at 245. Accordingly, Plaintiff has failed to state a claim for relief and pre-service dismissal under 28 U.S.C. § 1915A is appropriate.

**IV. CONCLUSION**

Accordingly, I recommend that Plaintiff's Complaint (Doc. 1) be **DISMISSED** as it fails to state a claim under Section 1983. I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 10th day of January 2011.**

/s/ Erin L. Setser
HON. ERIN L. SETSER
U.S. MAGISTRATE JUDGE
